James H. McLean *vs.* Stafford W. Bryer *et al.*

PROVIDENCE—JANUARY 28, 1903.

Present : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Bills and Notes. Demand Notes. Overdue for Purposes of Negotiation.*

A demand note transferred to plaintiff by payee eighteen months after its issue, upon which continuous payments of monthly interest have been made to payee, is not overdue at time of transfer.

(2) *Bills and Notes.   Demand Notes.   Overdue for Purposes of Negotiation.*

Although it was disputed whether payments on a demand note were made as principal or interest, but it appeared that if they were made as principal the note would run more than twenty months, it cannot be regarded as overdue in the hands of a transferee sixteen months after its issue.

(3) *Bills and Notes.   Estoppel.*

Where it appears that the maker of a note knew that payments made by him on account thereof were received and applied as interest, without protest on his part, he is estopped from setting up afterwards that the payments were made on the principal.

Assumpsit.    Heard on petition of plaintiff for new trial, and petition granted.

Stiness, C. J.    The plaintiff sues as holder of two notes, one for the sum of $200, payable on demand to Thomas B. Cory, dated May 1, 1899 ; the second for the sum of $400, payable to said Cory on demand with interest, dated July 24, 1899.

(1)    These notes were transferred for value by indorsement to the plaintiff eighteen and sixteen months, respectively, after their issue, and on each the defendant, Mrs. Bryer, wife of the maker, signed her name on the back before delivery of the notes to the payee.

The defence was that, as the notes were taken by the plaintiff so long after their issue, he took them as notes overdue and subject to equities between the parties, the special equity relied on being payments made as principal which had been credited as interest, amounting in all to enough to pay the notes with interest at the legal rate.

Upon this defence the question was whether there was an agreement on the part of Mr. Bryer to pay interest on said notes at the rate of five per cent. per month.

As to the first note, for $200, the defendant, Mrs. Bryer, was a joint maker, the note having been given prior to the negotiable instruments act, Pub. Laws cap. 674, which went into effect July 1, 1899.    *Carpenter* v. *McLaughlin,* 12 R. I. 270 ; *Perkins* v. *Barstow,* 6 R. I. 505.

The note was taken by the plaintiff eighteen months after

its date. This fact, standing alone, would have made the note overdue in this State. *Guckian* v. *Newbold*, 23 R. I. 553, and cases cited.

But, unlike previous cases, this note was kept alive by continuous payments of monthly interest to the original payee, and to this plaintiff after he took the note.

Mrs. Bryer testified that she signed the note for her husband's accommodation, who has died since the trial, leaving her the sole defendant ; that she expected to pay the principal as she could ; that she left the payment of interest to her husband, and that any arrangement he made about the interest was satisfactory to her. Under these circumstances, the note cannot be considered as overdue at the time of transfer.

In *Bacon* v. *Harris*, 15 R. I. 599, the defendant was an accommodation maker of a note, which bore indorsements of interest paid to a time beyond the sale of the note to the plaintiff. The court held that the question should have been left to the jury whether Mrs. Harris, the defendant, knew of, assented to, or ratified such payments of interest, thereby implying that if she did the note could not be regarded as overdue.

Upon the first note the verdict for the defendant was wrong, and contrary to the substantial instructions of the court.

(2) As to the note of $400, dated July 24, 1899, the defendant stands in a different relation. Upon this note she was an indorser. Pub. Laws 1899, cap. 674, §§ 71, 72. As indorser she was entitled to notice of dishonor. It appears from the testimony that notice was duly given to the defendant. It further appears that the note was secured by a mortgage on personal property. It was agreed that Mr. Bryer, the maker of the note, was to pay five per cent. a month to Cory, and the only question in dispute was whether this was payable as interest or as principal. Mr. Bryer testified that he was to pay five per cent. a month as principal ; that no interest was agreed upon, but that he intended, after the principal was paid, to use the payee liberally as to interest. He also testified that he knew that the payee understood that he was receiving the five per cent. per month as interest ; that they had conversations

about it when Mr. Bryer was behind in his payments, but that he said nothing because he "did not want a rupture," and that Cory gave him receipts for the payments as interest. The defendant's contention shows clearly that the notes were to run more than twenty months, unless he should pay them sooner, and, hence, that they could not be regarded as overdue when the plaintiff bought them, even if we disregard the fact that they were kept alive by the payment of interest, a fact not disputed, and as to which no contrary claim was made to the plaintiff when Mr. Bryer paid his money after the transfer and the plaintiff gave him receipts for interest.

(3)   It also shows that the maker of the notes knew that when he paid his money it was received and applied as interest, without protest on his part.   He is therefore estopped from setting up afterwards that the payments were made on the principal. *Draper* v. *Horton*, 22 R. I. 592 ; *Pettis* v. *Ray*, 12 R. I. 344. It cannot be assumed that the holder of the note would have allowed it to run so long if he had known that the rate of interest was disputed.   Mr. Bryer evidently had doubt about this when he gave his reason for not disputing the interest that he "didn't want a rupture" and was fearful that Cory might foreclose the chattel mortgage.   "A person is estopped to set up the truth in contradiction to his conduct, so as to make the truth an instrument of fraud." *East Greenwich Inst.* v. *Kenyon*, 20 R. I. 110.   Moreover, Mr. Bryer's claim that a man whose business was letting money at high rates of interest, even though he was a friend, would loan money for whatever the debtor might see fit to pay him, under an agreement that might run twenty months, is too contrary to common business transactions and too inconsistent with the conduct of the parties in this case to be credible.

Upon the second note, also, the verdict for the defendant was clearly against the evidence.

New trial granted.

*Huddy & Easton*, for plaintiff.

*George T. Brown*, for defendant.